107 F.3d 880
 97 CJ C.A.R. 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David H. JOHNS, Petitioner-Appellant,
v.
Stephen W. KAISER, Warden; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 96-7031.
 United States Court of Appeals, Tenth Circuit.
 March 14, 1997.
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,** District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Petitioner appeals the district court's denial of his Fed.R.Civ.P. 60(b)(6) motion seeking relief from that court's 1990 judgment denying him federal habeas relief, 28 U.S.C. § 2254, from his Oklahoma convictions for felony murder and conspiracy to commit armed robbery. This court dismissed the appeal from the 1990 denial of habeas relief because petitioner failed to make a substantial showing of the denial of a federal right. Petitioner may not use Rule 60(b) to circumvent rules against abuse of the writ. Petitioner fails to allege or prove any circumstances that would justify the filing of a successive writ or that would require reconsideration of his original grounds for relief. Because we review the district court's denial of Rule 60(b)(6) relief for an abuse of discretion, Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1491 (10th Cir.1994), we affirm.
 
 
 5
 Petitioner contends that intervening changes in the law, retroactively applicable to his case, require reconsideration of his § 2254 claims. Aside from the fact that between his first and second petitions, there have been no intervening changes in the law, even if there have been, ordinarily new constitutional rules of criminal procedure will not be applied on collateral review. See generally Teague v. Lane, 489 U.S. 288, 305-10 (1989).
 
 
 6
 Petitioner is not entitled to Rule 60(b)(6) relief on his claims both because relief based upon post-judgment changes in the law is ordinarily not available under Rule 60(b)(6), see Johnston v. Cigna Corp., 14 F.3d 486, 497 (10th Cir.1993), and because petitioner's purported new authority is not relevant.
 
 
 7
 The judgment of the United States District Court for the Eastern District of Oklahoma is, therefore, AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation